UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VASILE SOROCEAN, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 4069 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| KIRSTJEN NIELSEN and MARTHA MEDINA-MALTES, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*,

Vasile Sorocean challenges the Department of Homeland Security's denial of his application

under 8 U.S.C. § 1159(b) to become a permanent resident. Doc. 1. The Department moves to

dismiss under Civil Rule 12(b)(6). Doc. 15. The motion is granted.

**Background**

In resolving the Department's Rule 12(b)(6) motion, the court must accept the

complaint's well-pleaded factual allegations, with all reasonable inferences drawn in Sorocean's

favor, but not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087

(7th Cir. 2016). The court must also consider "documents attached to the complaint, documents

that are critical to the complaint and referred to in it, and information that is subject to proper

judicial notice," along with additional facts set forth in Sorocean's brief opposing dismissal, so

long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co.

of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal quotation marks omitted). The facts are

set forth as favorably to Sorocean as those materials permit. *See Domanus v. Locke Lord, LLP*,

847 F.3d 469, 478-79 (7th Cir. 2017). In setting forth the facts at this stage, the court does not vouch for their "objective truth." *Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Sorocean, a citizen and national of Moldova, married Cristina Ciobanu, who obtained asylum from the United States in 2012. Doc. 1 at ¶¶ 19-20. In January 2016, the Department approved Ciobanu's petition under 8 U.S.C. § 1158(b)(3)(A) for Sorocean to share her immigration status as her spouse. *Id*. at ¶¶ 13, 21-22. A year later, pursuant to 8 U.S.C. § 1159(b) and 8 C.F.R. § 209.2, Sorocean submitted a Form I-485 application to adjust his immigration status from asylee to permanent resident. *Id*. at ¶¶ 14-16, 23. The Department interviewed Sorocean in July 2017, and denied his application in May 2018. *Id*. at ¶¶ 24-25; Doc. 15-1 at 2-5.

In its denial letter, the Department stated that, based on its review of the evidence, Sorocean failed to establish a "bona fide marital relationship" with Ciobanu and instead had entered into the marriage "primarily to circumvent U.S. immigration law." Doc. 15-1 at 3-4; Doc. 1 at ¶ 25. The letter included a copy of various immigration statutes and regulations, which advised Sorocean of his "right to renew [his] request [for adjustment of status] in removal proceedings." *Id*. at 7 (quoting 8 C.F.R. § 209.2(f)).

In August 2018, based on the grounds underlying is denial of Sorocean's Form I-485 application, the Department issued a notice to terminate his asylum status. Doc. 15-2. The Department also initiated removal proceedings, Doc. 15-3, charging Sorocean with removal for "willfully misrepresenting" that he was "in a bona fide marital relationship with" Ciobanu, *id*. at 3. The Department advised Sorocean that he could challenge its "determination that [his] marriage was entered into primarily to circumvent U.S. immigration law" before "an immigration judge at a date and time to be determined." Doc. 15-2 at 2 (emphasis omitted). Due

to the present backlog of immigration cases, Sorocean does not expect a final decision in his

removal proceedings until September 2021. Doc. 19 at 3-4.

**Discussion**

The complaint seeks declaratory and injunctive relief under 5 U.S.C. § 706(2)(A) to

reverse the Department's May 2018 denial of Sorocean's Form I-485 application to adjust his

immigration status under 8 U.S.C. § 1159(b) to that of a permanent resident. Doc. 1 at p. 8,

¶¶ A-E. The Department moves to dismiss on the ground that the May 2018 denial was not a

final agency action under 5 U.S.C. § 704. Doc. 15 at ¶¶ 4-7.

"[T]he APA allows judicial review … only over 'final agency action for which there is

no other adequate remedy in a court.'" *Dhakal v. Sessions*, 895 F.3d 532, 539 (7th Cir. 2018)

(quoting 5 U.S.C. § 704). Whether an agency action is "final" turns on "whether the agency has

completed its decisionmaking process, and whether the result of that process is one that will

directly affect the parties." *Ibid*. (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992)).

In the immigration context, Seventh Circuit precedent holds that the denial of an application to

adjust immigration status is not a final agency action where the applicant can seek the same

adjustment in removal proceedings. *See McBrearty v. Perryman*, 212 F.3d 985, 986-87 (7th Cir.

2000) (explaining that the plaintiffs "could obtain review of the [agency's] decision" not "to

adjust their status to that of lawful permanent residents … if and when the immigration service

institutes removal (i.e., deportation) proceedings against them"); *Massignani v. INS*, 438 F.2d

1276, 1277 (7th Cir. 1971) (per curiam) ("When deportation proceedings are commenced,

plaintiff will have another opportunity to present her application for permanent residence. As

she was advised, the original denial was without prejudice to her right to so renew her

application.") (footnote omitted); *see also Howell v. INS*, 72 F.3d 288, 292 (2d Cir. 1995) ("The

… Seventh Circuit recognize[s] that requiring an alien to utilize available administrative remedies will allow a full record to develop concerning the alien's application for adjustment of status.") (citing *Massignani*, 438 F.2d at 1278).

Under these precedents, the Department's denial of Sorocean's application to adjust his immigration status is a non-final agency action. Where, as here, the Department denies an asylee's application under § 1159(b) to become a permanent resident, the "applicant [has] the right to renew the request in removal proceedings." 8 C.F.R. § 209.2(f); *see also Dhakal*, 895 F.3d at 540 (explaining that an administrative denial of a request for asylum is "more like a tentative recommendation than a final and binding determination" where the request can be renewed in removal proceedings) (internal quotation marks omitted); *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 497 (6th Cir. 2014) ("[O]nce the [Department] has made a final decision on [the plaintiff's] immigration status, *i.e.*, at the conclusion of removal proceedings and following appeal to the [Board of Immigration Appeals], then [the plaintiff] may seek review of intermediate agency actions, including the … denial of his status adjustment application, in the United States Court of Appeals."). Because Sorocean can renew his application to adjust his immigration status in his pending removal proceedings, the Department's May 2018 denial of his adjustment application is not final and therefore not reviewable under the APA. *See McBrearty*, 212 F.3d at 987 (explaining that the APA suit was "premature" where the contested decision was "review[able]" in "removal" proceedings). Although some of the above-cited cases—including *McBrearty* and *Massignani*—concern applications for adjustment of status under § 1255 rather than under § 1159(b), both types of applications are renewable in removal proceedings, *compare* 8 C.F.R. § 245.2(a)(5)(ii) ("No appeal lies from the denial of an application [for permanent residence under 8 U.S.C. § 1255] …, but the applicant … retains the right to renew his or her

4

application in [removal] proceedings … ."), *with* 8 C.F.R. § 209.2(f) ("There is no appeal of a denial [of an application for permanent residence under 8 U.S.C. § 1159(b)], but USCIS will notify an applicant of the right to renew the request [for adjustment of status] in removal proceedings … ."), so the finality analysis in the § 1255 decisions applies with equal force here. *See Hosseini v. Johnson*, 826 F.3d 354, 362 n.8 (6th Cir. 2016) (noting the functional similarity between §§ 1159(b) and 1255 in assessing finality).

Sorocean retorts that his "application for adjustment of status, Form I-485, is *not* reviewable" in removal proceedings, Doc. 19 at 3 (emphasis added), but he fails to support his contention with legal authority, thereby forfeiting the point. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 n.3 (7th Cir. 2008) ("We have made it clear that a litigant who fails to press a point by supporting it with pertinent authority … forfeits the point.") (internal quotation marks omitted). Sorocean's alternative argument—that even if he could renew his request for permanent resident status in his removal proceedings, the current backlog of immigration cases would "unreasonab[ly] delay" the Department's adjudication of his request, Doc. 19 at 3-4—also fails because there is no finality under the APA even where removal proceedings are merely possible and have not yet begun. *See Dhakal*, 895 F.3d at 540- 41 (explaining that the "decision to delay further review by not bringing removal proceedings against [the plaintiff] is a practical decision" that does not affect finality because it "slows but does not remove his access to intra-agency review"); *McBrearty*, 212 F.3d at 987 (affirming dismissal where the plaintiffs "could obtain review" of the denial of their request to adjust their immigration status "*if and when* the immigration service institutes removal … proceedings against them") (emphasis added). It necessarily follows that there is no finality here, where the removal proceedings are not only possible, but currently pending.

## Conclusion

The Department's motion to dismiss is granted. Because Sorocean has neither requested leave to amend his complaint nor suggested how amendment would cure the finality issue, he will not be given leave to amend. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing.") (citing cases); *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) ("[D]istrict courts have broad discretion to deny leave to amend … where the amendment would be futile.") (internal quotation marks omitted). That said, this dismissal does not affect Sorocean's ability in his removal proceedings to renew his request to adjust his immigration status or to challenge any adverse decision rendered in those proceedings.

April 2, 2019

_____
United States District Judge